IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.  CAUSE NO. 1:16CR98-LG-JCG-4
 CIVIL ACTION NO. 1:18CV213-LG

**TIMOTHY ADAM HAVARD**

### ORDER DENYING MOTION FILED PURSUANT TO 28 U.S.C. §2255

BEFORE THE COURT is the [189] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Timothy Adam Havard. The Motion asks the Court to vacate his sentence pursuant to § 2255 because of the alleged ineffective assistance provided by his retained counsel. Having considered the Motion, the record in this matter, and applicable law, the Court finds that Havard's Motion should be denied without evidentiary hearing.

### I. BACKGROUND

Havard was indicted on three counts of possession with intent to distribute methamphetamine and one count of conspiracy to possess with intent to distribute more than 50 grams of methamphetamine. He entered a plea agreement by which he pleaded guilty to a single count of possession with intent to distribute a detectable amount of methamphetamine. The Court sentenced Havard to a term of 108 months' imprisonment, three years supervised release, and a $100 special assessment.

Havard filed a § 2255 Motion on June 18, 2018, alleging his attorney provided ineffective assistance of counsel by (1) failing to properly explain his plea bargain and (2) failing to object to the pre-sentencing report. He says his counsel did not explain that the dismissed charges could be used against him at sentencing. He also argues that he should not have been placed in criminal category level 2 in the pre-sentencing report because he did not have a prior felony conviction.

## II. DISCUSSION

A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991). Thus, 28 U.S.C. § 2255(a) provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."

    i.    <u>Ineffective Assistance of Counsel by Failing to Properly Explain the Plea Agreement</u>

Havard states that he accepted a plea agreement in which he "agreed to accept responsibility for the seven (7) grams and in exchange the Government would dismiss the . . . charges for the sale of . . . 14 grams and conspiracy." (Mot. Vacate 4, ECF No. 189.) However, he says he "was never told by [his] council [sic] that these charges, although dismissed, could be used as part of an upward departure in sentencing." (*Id.*) Havard "was given four (4) more years than the

amount of time that [he] agreed to." (*Id.*) And Havard maintains that it was his attorney's responsibility to fully explain all parts of the plea agreement.

"To be voluntary, a plea must 'not be the product of actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant.'" *Austin v. Davis*, 876 F.3d 757, 783 (5th Cir. 2017) (quoting *Matthew v. Johnson*, 201 F.3d 353, 365 (5th Cir. 2000)). "A defendant pleading guilty must also be competent, have notice of the charges against him, understand the consequences of his plea, and have available the advice of competent counsel." *Id.*

During the change of plea hearing, Havard informed the Court that he had obtained a high school diploma and completed welding courses at Mississippi Gulf Coast Community College. He said he worked for many years in construction doing welding and fabrication. Havard testified that he had an opportunity to read the plea agreement and plea supplement and to go over those documents with his attorney before he signed them. He further testified that he fully understood all of the terms and conditions of the plea agreement. He agreed that, other than the written plea agreements, no one had made any other type of offer or promise in order to cause him to plead guilty. He denied that any one had forced him to plead guilty or threatened him in order to cause him to plead guilty. He also testified that he understood that, by signing the plea agreement, he waived his right to appeal and his right to file a § 2255 Motion. Finally, he acknowledged he understood that neither the government's sentencing recommendation nor his attorney's sentencing

prediction would bind the Court, which could impose the maximum sentence allowed by law – a term of up to twenty years' imprisonment.

Generally, a defendant cannot refute his plea hearing testimony given under oath with statements made after conviction. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "Solemn declarations in open court carry a strong presumption of verity," forming a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *see also United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001). Therefore, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

Havard's testimony at his change of plea hearing demonstrated that he knowingly and voluntarily pleaded guilty. He repeatedly confirmed in open court that he understood the terms and conditions of his plea agreement. His argument regarding the Court's consideration of all of the evidence of his criminal conduct – including evidence related to dismissed charges – does not go to the knowing and voluntary nature of his guilty plea. He does not say, for example, that he would not have pleaded guilty had he known that evidence of relevant conduct could be considered at sentencing.[1] Moreover, the Court went to great lengths during the hearing to ensure that Havard understood the Court was not bound by sentencing guidelines, the Government's sentencing recommendation, or any calculations made

---

[1] The Court is not suggesting that such an argument in a § 2255 motion would establish a lack of voluntariness behind a plea, but it would at least address relevant considerations.

by Havard's attorney. The record reflects that Havard is intelligent, and he was well-informed of the consequences of pleading guilty. Therefore, the Court finds that Havard's plea was knowing and voluntary.

    ii.    <u>Havard's Remaining Claim</u>

A defendant may, as part of a plea agreement, waive the right to seek post-conviction relief, including relief pursuant to § 2255. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Where, as here, a defendant has pleaded guilty and waived his right to file a motion pursuant to § 2255, the only ineffective assistance of counsel claim to survive the waiver is one claiming the ineffective assistance "directly affected the validity of waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Thus, the Court asks "whether the plea or waiver itself was knowing and voluntary, and whether the issue challenged on appeal may properly be the subject of waiver. If the answer to both questions is 'yes,' then the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

The record reflects that Havard's guilty plea and his waiver of rights were knowing and voluntary, and he has not shown that the alleged ineffective assistance of counsel affected the validity of his plea or his waiver. Therefore, all other claims contained in Havard's 2255 Motion are waived.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [189] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by Timothy Adam Havard is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21st day of February, 2019.

*s/* *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE