IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.　　　　　　　　　　　　　　　　　　**CAUSE NO. 1:16CR98-LG-JCG-4**

**TIMOTHY ADAM HAVARD**

### ORDER DENYING DEFENDANT'S
### MOTION FOR COMPASSIONATE RELEASE

**BEFORE THE COURT** is the second [242] Motion for Compassionate Release filed by the defendant, Timothy Adam Havard. The Government has filed a response in opposition to the Motion, to which Havard filed a *pro se* reply.[1] After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Havard's Motion should be denied.

### DISCUSSION

On May 3, 2017, Havard pled guilty to one count of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 108 months of imprisonment, 3 years' supervised release, a fine in the amount of $5,000 with interest waived, and a $100 special assessment. He is currently serving his sentence at the Federal Prison Camp in Pensacola, Florida, and is set to be released on September 16, 2024.

---

[1] The Office of the Federal Public Defender filed a Notice of Intent that it did not intend on filing a reply. (*See* Notice of Intent, ECF No. 250).

Havard originally filed his first *pro se* motion for compassionate release on June 24, 2020, claiming medical issues and the crowded living conditions as reasons justifying release. The Court denied Havard's motion on August 19, 2020. (*See* Order, ECF No. 217).

Thereafter, on September 15, 2021, Havard filed the instant [242] Motion for Compassionate Release. In his Motion, he claims that the COVID-19 "Delta" strain is more deadly than before and that he fears a risk of serious illness if he were to contract COVID-19. (*See* Def.'s Mot. at 7-8, ECF No. 242). Havard also cites the prison's alleged black mold as the cause of serious illness due to the mold's breakdown of his immune system. (*See id.* at 8). The Government objects to Havard's Motion on its merits,[2] emphasizing that Havard is fully vaccinated. Havard filed written objections to the Government's Response, but fails to cite substantive reasons in support thereof.

A court can reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Under Fifth Circuit precedent, the Court must consider whether factors, including those outside the U.S.S.G. § 1B1.13 policy statement—which proves to be a helpful guidance, *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021)—constitute "extraordinary and compelling" reasons justifying a

---

[2] *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

reduction in sentence. *See United States v. Cooper*, 996 F.3d 283, 289 (5th Cir. 2021). The Court also must consider the factors set forth in § 3553(a), to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

Here, the Court finds that Havard's concerns regarding his health do not justify release. First, Havard concedes that he does not suffer from a terminal illness that substantially diminishes his ability to provide self-care or from which he is not expected to recover. *See* U.S.S.G. §1B1.13 cmt.1. Second, this Court has previously ruled that Havard's underlying medical conditions of hyperlipidemia and neuralgia do not increase the risk of severe illness from COVID-19. (*See* Order, at 5-6, ECF No. 217) (citation omitted). Pursuant to the Court's reasoning in its prior Order, such claims do not justify release. *See People with Certain Medical Conditions*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 17, 2021). Last, the Court finds Havard's claims regarding black mold unfounded since he fails to provide documentation of a black mold problem at the Federal Prison Camp in Pensacola, Florida, placing him at greater risk. *See e.g.*, *United States v. Perez*, No. 16-CR-168, 2021 WL 1663595, at *1 (E.D. Wis. April 28, 2021). As such, Havard has not shown that his medical conditions are extraordinary and compelling reasons meriting compassionate release.

Moreover, a generalized fear of contracting COVID-19 does not justify compassionate release. *See Thompson*, 984 F.3d at 435. The Government argues that Havard received the first dose of the Moderna COVID-19 vaccine on August 28,

2021, and the second dose on September 26, 2021. At the Federal Prison Camp, where Havard is incarcerated, the Bureau of Prisons has 54 fully vaccinated staff members, including 304 of their 333 inmates—amounting to 92.2% of the current inmate population being vaccinated. (*See* Gov.'s Resp., at 5, ECF No. 244).[3] Courts in this Circuit have found that COVID-19 vaccines "'keep you from getting and spreading the virus that causes COVID-19,'" and "'also help keep you from getting seriously ill even if you do get COVID-19.'" *United States v. White*, No. 11-287, 2021 WL 3021933, at *4 (E.D. La. July 16, 2021) (quoting Centers for Disease Control & Prevention, *Benefits of Getting COVID-19 Vaccine*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited Nov. 17, 2021)). Therefore, the Court finds that Havard's claims are not an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A) justifying his release.

The § 3553(a) factors also disfavor a sentence reduction. *See* 18 U.S.C. § 3553(a). Havard was convicted of one of the four counts in the indictment. He had a total offense level of 31 and a criminal history category of II. (PSR, at ¶¶ 95, 134, at 15, 22, ECF No. 139). The PSR reflects that he has multiple prior convictions, including possession of a controlled substance. Havard maintains that he is not a danger to the community nor does he have a risk of recidivism is he were to be released. However, requiring Havard "to serve the remainder of his sentence would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal

---

[3] The Government notes that the 92.2% does not account for those additional inmates who declined vaccination. (*See* Gov.'s Resp., at 5, ECF No. 244).

conduct.'" *Chambliss*, 948 F.3d at 694; *see also* 18 U.S.C. § 3553(a)(2)(A), (B). For all these reasons, the Court finds that a reduction in Havard's sentence would not reflect the gravity of his offense, nor provide adequate deterrence thereto.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the second [242] Motion for Compassionate Release filed by the defendant, Timothy Adam Havard, is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 18th day of November, 2021.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE