IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                             CAUSE NO. 1:16-cr-98-LG-JCG-4

**TIMOTHY ADAM HAVARD**

### ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Timothy Adam Havard asks the Court for early termination of his supervised release. The United States Probation Office and the Government oppose Havard's request. After reviewing the record in this matter, and the applicable law, the Court finds that Havard's [289] Motion should be denied.

### BACKGROUND

The motion now before the Court is Havard's second motion for early termination of supervised release. Havard's first [277] Motion for Early Termination of Supervised Release was denied by this Court's [286] Order dated March 17, 2025.

Havard pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). On August 1, 2017, the Court sentenced him to 108 months of imprisonment and three years of supervised release. The Court also imposed a $5,000 fine with interest waived, and a $100 special assessment. J. [141]. He began his term of supervised release on or about September 15, 2023.

In his Motion, Havard asserts that he has "taken every step to fully comply with the terms" and conditions of his supervised release. Def.'s Mot. [289] at 1. Additionally, he states "I have paid all my fines and court costs in full, attended and completed all classes and programs. I have maintained employment at Qualified Fabrications while remaining arrest free and in full compliance with my Probation Officer[']s supervision." *Id.* Havard's instant motion does not allege any extraordinary circumstances warranting early termination of his supervised release.

## DISCUSSION

Early termination of supervised release is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a), . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

By reference to the provisions of § 3553(a), "[t]he statute directs the court to take into account a variety of considerations, including the nature of the offense and the history of the offender, as well as any implications for public safety and deterrence." *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).

"[C]ompliance with all conditions is expected of an individual on supervised release, . . . and non-compliance is a ground for revocation." *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) (quotation altered). In *Hale*, the Sixth Circuit

clarified that Section 3583(e)(1) does not require a finding of exceptionally good behavior or a change in circumstances before a court can grant early termination. *Id.* However, "[t]hat is not to say that a district court may not consider whether a defendant exhibited 'exceptionally good behavior' when exercising its broad discretion to resolve motions for early termination of supervised release." *Id.* As a result, it is permissible for courts to "generally find early termination proper only when exceptionally good conduct or other changed circumstances are present." *Id.*; *see also United States v. Godfrey*, No. 1:09-CR-158(1), 2025 WL 2470072, at *3 (E.D. Tex. Aug. 27, 2025) ("While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1).").

## CONCLUSION

The Court commends Havard's efforts and encourages him to continue his successful reintegration into society. However, Havard has not presented any facts or circumstances that support early termination of his supervised release. His motion only demonstrates that he has complied with the conditions of supervised release, which is expected of defendants on supervised release.

Turning to the § 3553 factors, Havard had a total offense level of 31 and criminal history category of II at the time of sentencing. The sentence imposed was below the guideline range, and the Presentence Investigation Report reflected multiple prior offenses including resisting arrest and domestic violence. The

severity of the offense committed by Havard and the desire to deter similar conduct in the future weigh against shortening Havard's term of supervised release. Havard has not demonstrated that there have been significant or compelling changes in his circumstances since this Court's [286] Order Denying Motion for Early Termination of Supervised Release.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant Timothy Adam Havard's [289] Motion for Early Termination of Supervised Release is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of October, 2025.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE